IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

IN RE:    STEPHEN DALE PARSLEY,    CASE NO. 3:17-BK-33294-SHB
    Debtor(s)    CHAPTER 7

BAYVIEW LOAN SERVICING, LLC    MOVANT

VS.

STEPHEN DALE PARSLEY, DEBTOR;
and JOHN P. NEWTON, TRUSTEE    RESPONDENTS

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**Pursuant to Local Rule 9013-1(h), the court may consider this matter without further notice or hearing unless a party in interest files an objection. If you object to the relief requested in this paper, you must file with the clerk of the court at 800 Market Street, Suite 330, Knoxville, TN 37902, an objection within 14 days from the date this paper was filed and serve a copy on the movant's attorney, Wilson & Associates, P.L.L.C., 320 N. Cedar Bluff Road, Suite 240, Knoxville, TN 37923. If you file and serve an objection within the time permitted, the court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the court will consider that you do not oppose the granting of the relief requested in this paper and may grant the relief requested without further notice or hearing.**

<u>**Your rights may be affected.**</u>  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult with one.**

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT**

Comes now Bayview Loan Servicing, LLC, hereinafter "Movant," by and through its attorneys, Wilson & Associates, P.L.L.C., and for its Motion against Stephen Dale Parsley, the debtor herein, states the following:

1.    Movant is the servicer of the Deed of Trust (hereinafter "security instrument") and note executed by Stephen D. Parsley on September 15, 2006, securing payment to Amtrust Mortgage Corporation in the principal sum of $63,600.00. This security instrument encumbers the

real property located at 405 North C Street, Lenoir City, TN 37771, more particularly described as follows:

> **SITUATED in District Number Two (2) of Loudon County, Tennessee, and within the corporate limits of Lenoir City, Tennessee, and being all of Lots 17 and 18 in Block Twenty-One (21), Section Three (3) as shown by Paynes Map of the Town of Lenoir City, and being more particularly described as follows:**
>
> **BEGINNING at an iron pin in the northeast line of "C" Street, said iron pin being distant 100 feet in a northwesterly direction from 3rd Avenue; thence with "C" Street, North 41 deg. 27 min. West, 50.00 feet to an iron pin; thence North 47 deg. 42 min. East, 142.51 feet to an alley; thence South 41 deg. 27 min. East, 50.00 feet to an iron pin; thence South 47 deg. 42 min. West, 142.51 feet to an iron pin the place of beginning as shown by the survey of Hinds Surveying Co., dated September 7, 2006.**
>
> **Said property is conveyed subject to the Restrictions against the sale, manufacture and storage of Alcoholic beverages, including a reverter clause in favor of The Lenoir City Land Company of record in Deed Book 17, Page 24, in the Register's Office for Loudon County, Tennessee.**
>
> **BEING the same property conveyed to First Parties, by Warranty Deed dated September 8, 2006, recorded in Deed Book 312, Page 376, in the Register's Office for Loudon County, Tennessee.**
>
> **THIS CONVEYANCE is made subject to any and all applicable restrictions, easements and building setback lines as are shown recorded in the Loudon County Register's Office and further to any matter and/or condition which would be disclosed by a current, accurate survey or inspection of the property herein described.**

Copies of the security instrument and note are attached hereto and incorporated herein.

2.	As of October 31, 2017, the principal balance at the time of filing was $54,826.17. The subject loan is currently in default under said security instrument and note based on a failure to make the full regular monthly installment payments thereon, and, in addition to the principal balance in the amount of $54,826.17 due as of January 21, 2018, interest owed thereon at the rate of 7.625% per annum along with applicable late charges. Movant may also be entitled to reasonable attorney's fees along with other recoverable fees and costs as set forth in the security instrument. The note and security instrument are in arrears for the installment due on April 1, 2017, and for each subsequent monthly installment due thereafter.

3. Movant would allege and aver that the current value of the collateral is $95,000.00 per the attached Schedule A/B; that it is entitled to relief from the automatic stay provisions of 11 U.S.C. § 362(a); and that it is entitled to have the Trustee abandon its interest in and to the collateral pursuant to the provisions of 11 U.S.C. § 554.

4. Furthermore, according to the Chapter 7 Individual Debtor's Statement of Intention which is attached, the Debtor intends to surrender the collateral. Therefore, the Court should grant Movant relief from the automatic stay to enable Movant to foreclose against and liquidate the property and, if appropriate, to file an unsecured claim in this Chapter 7 proceeding.

5. Movant would allege and aver that this is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2) and the Bankruptcy Rules.

6. Movant requests that Rule 4001(a)(3) not apply to this Motion, thus permitting it to immediately enforce and implement an order granting relief from the automatic stay.

WHEREFORE, Movant prays:

A. That relief from the automatic stay provisions of 11 U.S.C. § 362(d) be granted and that the Trustee be required to abandon its interest in and to the collateral pledged to Movant under the provisions of 11 U.S.C. § 554.

B. Alternatively, that the Debtor be allowed to redeem the collateral by payment of all sums due and owing to Movant.

C. That Movant have such other and further relief, both general and specific, to which it may be entitled in the premises, including, but not limited to, a reasonable fee for the services of its attorney.

Respectfully Submitted,

WILSON & ASSOCIATES, P.L.L.C.

*/s/ Michael N. Wennerlund*
Joel W. Giddens (016700)
Heather Martin-Herron (032248)
Michael N. Wennerlund (031332)
Angela Boyd Mathews (033125)

320 North Cedar Bluff Road, Suite 240
Knoxville, Tennessee 37923
(865) 558-5688

Counsel for Bayview Loan Servicing, LLC

### **CERTIFICATE OF SERVICE**

On February 1, 2018, copies of the foregoing Motion, Order, and all attachments were was served electronically through the electronic case filing system (ECF) or by United States Mail, postage prepaid, upon the creditors in the attached creditor matrix along with the following parties:

Ryan E. Jarrard
Quist, Fitzpatrick & Jarrard
2121 First Tennessee Plaza
Knoxville, TN 37929

John P. Newton, Jr.
Law Offices of Mayer & Newton
Trustee
1111 Northshore Drive
Suite S-570
Knoxville, TN 37919

Stephen Dale Parsley
Debtor
8513 E. Cypress Lake Dr.
Knoxville, TN 37923

*/s/ Michael N. Wennerlund*
Joel W. Giddens (016700)
Heather Martin-Herron (032248)
Angela Boyd Mathews (033125)
Michael N. Wennerlund (031332)

W&A. 324899

When Recorded Return To:
Bayview Loan Servicing, LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

Loan Number ▮

BK/PG: T1347/758-758
**17009499**

| | |
|---|---|
| 1 PGS:AL-ASSIGNMENT | |
| TAMMY BATCH: 134561 | |
| 11/01/2017 - 12:46:20 PM | |
| VALUE | 0.00 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 10.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 12.00 |

STATE OF TENNESSEE, LOUDON COUNTY
**TRACIE LITTLETON**
REGISTER OF DEEDS

## CORPORATE ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMTRUST MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS, (ASSIGNOR), (MERS Address: P.O. Box 2026, Flint, Michigan 48501-2026)** by these presents does convey, grant, assign, transfer and set over the described Deed of Trust with all interest secured thereby, all liens, and any rights due or to become due thereon to **BAYVIEW LOAN SERVICING, LLC, WHOSE ADDRESS IS 4425 PONCE DE LEON BLVD., CORAL GABLES, FL 33146 (305)854-8880, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Maximum principal indebtedness for Tennessee recording tax purposes is zero. Mortgage tax paid on original filing. Said Deed of Trust was made by **STEPHEN D. PARSLEY** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMTRUST MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS** and recorded in **Book 885 and Page 659** in the Register's Office of **LOUDON** County, **Tennessee**

Dated on 10 / 19 / 2017 (MM/DD/YYYY)
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMTRUST MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS

By: _____
Peter Suarez
ASSISTANT SECRETARY

STATE OF FLORIDA
COUNTY OF MIAMI-DADE
The foregoing instrument was acknowledged before me on 10 / 19 / 2017 (MM/DD/YYYY), by Peter Suarez as ASSISTANT SECRETARY of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMTRUST MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS, who, as such ASSISTANT SECRETARY being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
**Pamela Vargas**
Notary Public - State of FLORIDA
Commission expires:

PAMELA VARGAS
MY COMMISSION # FF 068874
EXPIRES: November 6, 2017
Bonded Thru Notary Public Underwriters

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
BLS01▮ GSE-2017-2 MIN▮ MERS PHONE 1-888-679-6377 MERS Mailing Address: P.O. Box 2026, Flint, MI 48501-2026 T121710-01:25:06 [PREP-1] FRMTN1

WA

MIN: ▓▓▓▓▓▓▓▓▓▓  **NOTE**  RGrStell  Loan Number: ▓▓▓▓▓▓▓

SEPTEMBER 15, 2006  KENNESAW  GEORGIA
[Date]  [City]  [State]

405 N C STREET, LENOIR CITY, TENNESSEE 37771
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U S $ 63,600.00 (this amount is called "Principal"), plus interest, to the order of the Lender  The Lender is AMTRUST MORTGAGE CORPORATION
I will make all payments under this Note in the form of cash, check or money order

I understand that the Lender may transfer this Note  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder "

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid  I will pay interest at a yearly rate of    7.625 %

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month

I will make my monthly payment on the 1st day of each month beginning on NOVEMBER 1 2006    I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note  Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal  If, on OCTOBER 1, 2036    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date "

I will make my monthly payments at 100 GLENRIDGE POINT PARKWAY, SUITE 400, ATLANTA, GEORGIA 30342
or at a different place if required by the Note Holder

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U S $ 450.16

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due  A payment of Principal only is known as a "Prepayment "  When I make a Prepayment, I will tell the Note Holder in writing that I am doing so  I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge  The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note  However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note  If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then  (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit,

Borrower Initials  ABP

MULTISTATE FIXED RATE NOTE -Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200 1/01           Page 1 of 3

DocMagic eForms 800-649-1362
www docmagic com

Us3200 not 1 tem

WA

and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep

Borrower Initials _ABP_ _____ _____ _____ _____ _____

MULTISTATE FIXED RATE NOTE - Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200 1/01                            Page 2 of 3

DocMagic eForms 800-649-1362
www.docmagic.com

Us3200 nc 2 tem

WA

the promises which I make in this Note That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note Some of those conditions are described as follows

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law

If Lender exercises this option, Lender shall give Borrower notice of acceleration The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_Stephen D. Parsley_ (Seal)
STEPHEN D. PARSLEY  -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

PAY TO THE ORDER OF:
WITHOUT RECOURSE
AMTRUST MORTGAGE CORPORATION,
BY: _____
    Sue Abela
ITS: Closing Manager

[Sign Original Only]

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200 1/01                     Page 3 of 3

DocMagic eForms 800-649-1362
www.docmagic.com